Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Benjamin Tookey (SBN 330508)
btookey@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Giordano, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EMI Blackwood Music Inc., BMG Rights Management (US) LLC, Songs of Universal, Inc., Hipgnosis Songs Group, LLC, Reach Music Publishing, Inc., Aftermath Entertainment, Interscope Records, and Universal Music Group, Inc., Marshall Mathers III, p/k/a "Eminem," an individual, Robyn Fenty, p/k/a "Rihanna," an individual, Jonathan Bellion, an individual, Bryan Fryzel, p/k/a "Frequency," an individual, Aaron Kleinstub, p/k/a "Aalias," an individual, Bleta Rexha, p/k/a "Bebe Rexha," an individual, Maki Athanasiou, an individual, and DOES 1 – 10, | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT;**<br><br>AND<br><br>2. **VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Defendants.

Plaintiff, Michael Giordano, by and through his undersigned attorneys, hereby prays to this Honorable Court for relief based on the following:

## Jurisdiction & Venue

1. This action arises under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq*.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), & 1367(a).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391 (c) and § 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## Parties

4. At all times mentioned herein, Plaintiff, Michael Giordano, is an individual artist residing in Staten Island, New York.

5. At all times mentioned herein, Defendant EMI Blackwood Music Inc is a company with offices in or otherwise operating in Los Angeles, California.

6. At all times mentioned herein, Defendant BMG Rights Management (US) LLC is a company with offices in or otherwise operating in Los Angeles, California.

7. At all times mentioned herein, Defendant Songs of Universal, Inc is a company with offices in or otherwise operating in Los Angeles, California.

8. At all times mentioned herein, Defendant Hipgnosis Songs Group, LLC is a company with offices in or otherwise operating in Los Angeles, California.

9. At all times mentioned herein, Defendant Reach Music Publishing, Inc. is a company with offices in or otherwise operating in Los Angeles, California.

10. At all times mentioned herein, Defendant Aftermath Entertainment is a company with offices in or otherwise operating in Los Angeles, California.

11. At all times mentioned herein, Defendant Interscope Records is a company with offices in or otherwise operating in Los Angeles, California.

12. At all times mentioned herein, Defendant Universal Music Group, Inc. is a company with offices in or otherwise operating in Los Angeles, California.

13. At all times mentioned herein, Defendant Marshall Mathers III, p/k/a "Eminem," is an individual living in this district or doing business in and with this district.

14. At all times mentioned herein, Defendant Robyn Fenty, p/k/a "Rihanna," is an individual living in this district or doing business in and with this district.

15. At all times mentioned herein, Defendant Jonathan Bellion is an individual living in this district or doing business in and with this district.

16. At all times mentioned herein, Defendant Bryan Fryzel, p/k/a "Frequency," is an individual living in this district or doing business in and with this district.

17. At all times mentioned herein, Defendant Aaron Kleinstub, p/k/a "Aalias," is an individual living in this district or doing business in and with this district.

18. At all times mentioned herein, Defendant Bleta Rexha, p/k/a "Bebe Rexha," is an individual living in this district or doing business in and with this district.

19. At all times mentioned herein, Defendant Maki Athanasiou is an individual living in this district or doing business in and with this district.

20. Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the

1  wrongful practices alleged herein. The true names, whether corporate, individual or
2  otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff,
3  which therefore sue said Defendants by such fictitious names, and will seek leave to
4  amend this Complaint to show their true names and capacities when same have been
5  ascertained.

6  21.     Plaintiff is informed and believes and thereon alleges that at all times
7  relevant hereto each of the Defendants was the agent, affiliate, officer, director,
8  manager, principal, alter-ego, and/or employee of the remaining Defendants and was
9  at all times acting within the scope of such agency, affiliation, alter-ego relationship
10 and/or employment; and actively participated in or subsequently ratified and adopted,
11 or both, each and all of the acts or conduct alleged, with full knowledge of all the
12 facts and circumstances, including, but not limited to, full knowledge of each and
13 every violation of Plaintiff's rights and the damages to Plaintiff proximately caused
14 thereby.

## Factual Background

16  22.     Giordano is an artist, composer, and musician.
17  23.     In April of 2011, well before the acts of infringement detailed herein, he
18  created a composition entitled *Do You Remember* ("Original Song").
19  24.     Giordano registered his Original Song with the U.S. Copyright Office in
20  December of 2011.
21  25.     Defendants Mathers, Fenty, Bellion, Fryzel, Kleinstub, Rexha, and
22  Athanasiou composed and performed a song entitled *The Monster* (the "Derivative
23  Song") and captured a sound recording of the Derivative Song.
24  26.     The Defendants, and each of them, then marketed, distributed, sold,
25  licensed, streamed, collected revenues for, and otherwise exploited the composition
26  and sound recording for the Derivative Song.

27. The Derivative Song is copied, in part, from the Original Song and is derivative of the Original Song.

28. On information and belief, it is alleged that Defendants, and each of them, had a reasonable opportunity to access the Original Song via one or more of the following avenues:

- <u>April 17, 2011</u>: Giordano conveyed the Original Song to songwriter, and producer, Rob Gauriglia ("Rob"), who then invited Giordano and another songwriter, Scott Harris ("Scott"), to rework and produce additional recordings of the Original Song to pitch to Rebel One Publishing, LLC ("Rebel One"), the publishing company with which both Rob and Scott worked with at the time. In addition, Zach Gurka ("Zach"), a Rebel One staff member, was present for multiple sessions and played keyboard on a recording of the Song. During all such sessions, the chorus melody of the Song was not altered by anyone in any way.
- <u>April 28, 2011</u>: Giordano and Scott lyrically changed the Song to be called, "You Wouldn't Forgive Me" ("YWFM"), however the chorus melody from the Song remained unaltered.
- <u>May 3, 2011</u>: Rob sent an email with YWFM to the head of publishing at Rebel One, two managers at Rebel One, Zach, and Scott.
- <u>September 2012</u>: Scott was working with Defendant Fryzel on various compositions and songs.
- <u>October 2012</u>: Scott, Rob, and Giordano worked on YWFM through at least October 2012.
- <u>November 2012</u>: Rebel One knew of, was connected with, and/or had a relationship with Defendant Fryzel.

- <u>November 2012</u>: Fryzel collaborated with Rexha, Bellion, and Kleinstub in a session that resulted in them copying the chorus melody of the Original Song to create the chorus hook for what would become the Derivative Song.
- <u>October 29, 2013</u>: The Derivative Song was released as a single, and a few days later on November 5, 2013, was released as part of Eminem's album "The Marshall Mathers LP2".

29. The Derivative Song includes copying of protected material from the Original Song, including without limitation the Original Song's chorus melody being reproduced and otherwise copied to create the chorus melody for the Derivative Song.

30. The chorus melodies in the two songs at issue are substantially similar in that, without limitation, the choruses contain a high degree of similarity in melodic pitch, rhythm, and the function of their identifying hooks. And to a high degree of similarity, the two songs' shared melodic leap to scale 7 (in minor) is distinctive and unusual, especially in a minor mode. And the pitch similarities align rhythmically precisely while also functioning as hooks, with these combined similarities presenting a compelling case of copying.

31. The below chart makes clear the nature and extent of Defendants', and each of their, copying without consent. Bolding indicates identical scale degrees and rhythms while red lines show corresponding scale degrees that are not fully aligned rhythmically:

**Comparison Chart**



32. The degree, extent, and scope of the taking discussed hereinabove constitutes copyright infringement under 17 U.S.C. § 101, et seq. and a violation of Giordano's exclusive rights as guaranteed by 17 U.S.C. § 106. Defendants, and each of them, exploited without consent a qualitatively and quantitatively significant amount of the Original Song's composition to create the Derivative Song. And the

Derivative Song violates Giordano's exclusive right to create derivative works from his composition, as guaranteed by 17 U.S.C. § 106(2).

33. Before filing this lawsuit, Giordano's counsel contacted Defendants in an attempt to resolve this dispute. Defendants failed to meaningfully respond, necessitating this lawsuit.

## First Claim for Relief

*(For Copyright Infringement—Against all Defendants, and Each)*

34. Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint.

35. Plaintiff is the sole and exclusive owner of the Original Song.

36. The Original Song is registered with the U.S. Copyright Office.

37. The Original Song is an original composition.

38. Defendants had access to the Original Song via a chain-of-events and overlapping network of collaborators, as set forth in detail above.

39. The striking similarity between the two songs, as detailed above, is further evidence of access as it could not exist in the absence of copying.

40. Defendants, and each of them, infringed Plaintiff's rights in the Original Song by copying, reproducing, and otherwise exploiting the Original Song to create the Derivative Song and then marketing, releasing, selling, licensing, streaming, collecting revenues for, and otherwise monetizing the Derivative Song, all without Plaintiff's authorization or consent.

41. Defendants, and each of them further infringed Giordano's rights by (a) authorizing the reproduction, distribution and sale of records and digital downloads of the Derivative Song, through the execution of licenses, and/or actually reproducing, and/or selling and distributing physical or digital or electronic copies of the Derivative Song through various physical and online sources and applications, including without limitation, through Amazon.com, Walmart, Target and iTunes; (b)

streaming and/or publicly performing or authorizing the streaming and/or public performance of the Derivative Song through, without limitation, Spotify, YouTube, Amazon, and Apple Music; and (c) participating in and furthering the aforementioned infringing acts, and/or sharing in the proceeds therefrom, all through substantial use of the Original Song in and as part of the Derivative Song, packaged in a variety of configurations and digital downloads, mixes and versions, and performed in a variety of ways including, but not limited to, audio and video. Defendants, and each of them, have, without limitation, exploited Plaintiff's Original Song for profit by licensing, or otherwise authorizing third parties to use, reproduce and/or perform the Derivative Song for profit.

42. Defendants, and each of them, have engaged and continue to engage in the unauthorized reproduction, distribution, public performance, licensing, display, and creation of the Derivative Song. The foregoing acts infringe Plaintiff's exclusive rights under the Copyright Act. Such exploitation includes, without limitation, Defendants', and each of their, distributing and broadcasting the Derivative Song on streaming platforms, including Spotify, Apple Music, Amazon, Pandora, and YouTube.

43. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered actual, general and special damages in an amount to be established at trial, including but not limited a reasonable license fee for Defendants' use of the sample.

44. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in Plaintiff's copyrighted composition. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringements of their rights in the composition in an amount to be established at trial.

45. Plaintiff is informed and believes and now alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## Second Claim for Relief

*(For Vicarious and/or Contributory Copyright Infringement—Against all Defendants, and Each)*

46. Plaintiff repeats, re-alleges, and incorporates by reference all preceding paragraphs of this Complaint.

47. Plaintiff is informed and believes and now alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction, distribution, and publication of the Derivative Song as alleged above. Specifically, the writer, producer and performer Defendants, and each of them, by copying and incorporating the Original Song into the Derivative Song, and delivering that song to the corporate Defendants as well as streaming platforms such as, without limitation, Spotify, Apple, Amazon, and Tidal, and profiting from the foregoing, renders them secondarily liable for infringement, as they contributed to the infringement of the corporate Defendants as well as that of Spotify, Apple, Amazon, and Tidal.

48. Plaintiff is informed and believes and now alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant involved in the infringement had the ability to oversee the exploitation and distribution of the Derivative Song and, Defendants, and each of them, realized

profits through their respective obtainment, distribution, and publication of the Derivative Song.

49. By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages in an amount to be established at trial, as well as additional actual, general, and special damages in an amount to be established at trial.

50. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in their copyrighted composition in an amount to be established at trial.

51. Plaintiff is informed and believes and now alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## Prayer for Relief

*(Against All Defendants, and Each)*

52. With Respect to Each Claim for Relief, Plaintiff demands judgment against Defendants, and each, as follows:

   a. That Defendants, and each, as well as their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to Plaintiff's copyrighted composition;

   b. Granting an injunction permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them, or any of them, from

further infringing Plaintiff's copyrights in and to Plaintiff's copyrighted composition;

c. For a constructive trust to be entered over any recordings, videos reproductions, files, online programs, and other material in connection with the Derivative Song, and all revenues resulting from the exploitation of same, for the benefit of Plaintiff;

d. That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial;

e. That Defendants pay damages equal to Plaintiff's actual damages and lost profits;

f. That Plaintiff be awarded statutory damages and attorneys' fees as available under 17 U.S.C. § 505 or other statutory or common law;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: March 3, 2025

Respectfully submitted,

By: /s/ *Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Stephen M. Doniger, Esq.
Benjamin Tookey, Esq.
Andres Navarro, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiff Michael Giordano*